IN THE CIRCUIT COURT OF LOWNDES COUNTY, MISSISSIPPI

**KRISTY L. HARRIS**                                                **PLAINTIFF**

**VS.**                      FILED MAY 04 2021                **CIVIL ACTION NO. 2021-0086 CVJH**

**WAL-MART, INC.**
**FACILITY NO. 495**                 Jenga Barksdale, Circuit Clerk                                 **DEFENDANT**

## COMPLAINT
(Trial by Jury Requested)

**COMES NOW** the Plaintiff, Kristy L. Harris, by and through her counsel and files this Complaint against the Defendant, Wal-Mart Inc., and in support thereof, would show unto this Honorable Court the following, to-wit:

### I. Parties

1. The Plaintiff, Kristy L. Harris, is an adult resident citizen of Lowndes County, Mississippi.

2. Defendant, Wal-Mart, Inc., is a business corporation licensed to do and doing business in Mississippi with its principal place of business at 1913 N Highway 45 Frontage Road, Columbus Mississippi 39705. On information and belief, Defendant owns and does business as "Wal-Mart" in Columbus, Lowndes County, Mississippi and may be served with the process of this court by serving its registered agent, C.T. Corporation, 645 East Lakeland Drive, Suite 101, Flowood, Mississippi 39232.

### II. Jurisdiction and Venue

3. That this cause of action occurred or accrued in Lowndes County, Mississippi; and that pursuant to the provisions of the Mississippi Code, the jurisdiction and venue are proper for this court.

Page 1 of 4

**EXHIBIT A**

### III. Basic Facts Giving Rise to Claim for Relief

4. That on or about May 07, 2018, Plaintiff, was in the Wal-Mart Store No.495, located 1913 N Highway 45 Frontage Road, Columbus, Lowndes County, Mississippi as a business invitee and while exercising reasonable care for her own safety, she slipped and fell sustaining severe personal injuries. More specifically, Plaintiff was walking down aisle to get a can of green beans and upon approaching the area slipped and fell in a puddle of water on the floor in the aisle. No wet floor signs were placed to warn the Plaintiff in the area where the Plaintiff fell. At all times pertinent, Plaintiff was acting with reasonable and prudent regard for her own safety.

5. At all times relevant herein, the above described business and/or premises, was open to the Plaintiff and to those members of the public at large who might go there as business invitees.

### IV. Negligence

6. That at all times material hereto, the Defendant had a duty of care to keep the premises in a reasonably safe condition, such that business invitees might use them in an ordinary and reasonable way without danger. Defendant breached its duty in the following ways, anyone of which was a departure from the accepted standard of care owed by the Defendant to the Plaintiff:

   a) In failing to keep the passageway intended for public use free and clear from water;

   b) In failing to exercise reasonable care to correct the conditions described herein;

   c) In failing to warn the Plaintiff of the existence of the above described conditions;

   d) In carelessly and negligently permitting, allowing and causing the dangerous area to be left unattended in an area intended for use by the public;

   e) In failing to properly and adequately supervise and oversee the above

      described areas so as to prevent the invitees from encountering dangerous condition therein;

    f)     In permitting its employees to create the hazardous condition described above;

    g)     In permitting its employees or other individuals known to have access to the area to create the conditions described above.

## V. Damages

7.     As a direct and proximate result of the negligence and carelessness of the Defendant, the Plaintiff, suffered bodily injury and resulting pain and suffering, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical care and treatment, loss of ability to earn money for a period of time. The conditions are either permanent or continuing in nature, and the Plaintiff will suffer the losses in the future. As a direct and proximate result of the negligence of Defendant, Plaintiff suffered injuries and damages which include, but are not limited to the following:

    a)     Past, present and future physical pain and suffering,

    b)     Inconvenience and aggravation resulting in emotional and mental suffering past, present and future;

    c)     Hospital bills, doctor bills, prescription drug bills and other medical and medical-related expenses which have been incurred and which will continue to be incurred in the future;

    d)     Temporary physical impairment;

    e)     Loss of enjoyment of life.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that a judgment of, from and against the Defendant in an amount to be determined by this Court which will fairly and

adequately compensate Plaintiff for her injuries, damages, and losses past and future against the Defendant herein. Further, Plaintiff prays that the Court will award her interest as permitted by law, costs of this suit, expert witness fees, and for whatever and further relief as to this Court may deem just and proper.

RESPECTFULLY SUBMITTED this the 29 day of April, 2021.

KRISTY L. HARRIS, Plaintiff

BY: _____
C. COOPER MILES (MSB NO. 101945)

OF COUNSEL:
Schwartz & Associates, P.A.
162 East Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207-3949
Phone: 601-988-8888
Fax: 601-949-7929
CMILES@1call.org